JONES *v.* BRADWELL.

A wife is not liable upon a note and mortgage given by her to the agent of an insurance company for money lent by him to her husband to pay the premium due on an insurance policy upon his life, providing that upon his death it should be payable to his wife, if living, otherwise to his executors, administrators or assigns, and designating his children as beneficiaries, should she not be in life at the time of his death ; it not being shown what interest she had in the policy, what it was worth or its value, or that it was for her benefit alone.

SIMMONS, J., not presiding, because of sickness.

January 24, 1890.

Husband and wife.    Insurance.    Promissory notes. Before Judge LUMPKIN.    Morgan superior court.    September term, 1889.

Reported in the decision.

FOSTER & BUTLER and AKIN & HARRIS, for plaintiff. McHENRY & McHENRY, for defendant.

BLANDFORD, Justice.

Bradwell, the husband of the defendant in error, gave his note to Jones, the agent of the insurance company, for a certain sum of money to pay the premium due by him upon a policy of life insurance, which note, when the same became due, Bradwell failed to pay, and Jones thereupon lent money to Bradwell with which to pay it, and took the note of the wife for the same, and a mortgage to secure the same executed by her upon certain property. Jones sought to foreclose this mortgage by a proceeding for that purpose, and the defendant pleaded that the note and mortgage were given for a debt due by her husband and not by herself. The court below held that the defendant was not liable, and refused to allow the mortgage to be foreclosed. Jones excepted, and the question is whether, under the facts of this case, the wife was liable to pay the note thus given, and whether her property was subject to the payment of this debt.

The policy of insurance provided that, on the death of the assured, it should be payable to his wife, if living; otherwise to his executors, administrators or assigns; and the children of the assured were designated as beneficiaries if the wife should not be in life at the time of his death. The evidence does not show what interest Mrs. Bradwell, the defendant, had in the policy,—what it was worth or its value. Had the policy been for her benefit alone, her contract to pay her husband's debt might have been valid, but it is not shown that it was for her benefit alone. Under the circumstances we think the judgment of the court below was right.          *Judgment affirmed.*